# Fourth Department, May, 1981

## (May 15, 1981)

■ The People of the State of New York, Respondent, v Jacqueline Cash, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant and another were indicted on several counts of felony assault and criminal possession of a weapon. After a nonjury trial the court found the codefendant not guilty under all counts and found defendant not guilty of the counts charged in the indictment but guilty of a lesser included offense of assault in the third degree under subdivision 3 of section 120.00 of the Penal Law, criminally negligent infliction of physical injury by means of a deadly weapon or dangerous instrument. Defendant claims that the conduct complained of was intentional: that she hit the complainant several times with an iron pipe in an attempt to defend herself against complainant who was attacking her with a knife. She argues that her conduct was not negligent and that her conviction must therefore be set aside. We agree. Subdivision 4 of section 15.05 of the Penal Law defines criminally negligent conduct as follows: "A person acts with criminal negligence * * * when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." Defendant testified that when complainant approached her with a knife, she picked up an iron pipe to defend herself, that she was "trying to hit her with the pipe," that she "hit her about, say, about five times," that she "hit her in the head, but it was mostly like on the shoulder and the back." Clearly, by this uncontradicted testimony, defendant was engaged in intentional conduct and there is no view of the evidence in this record which would support a finding of criminal negligence. (Appeal from judgment of Erie Supreme Court — assault, third degree.) Present — Dillon, P. J., Cardamone, Simons, Denman and Schnepp, JJ.

■ Rosalie Lancette et al., Respondents, v Crouse-Irving Memorial Hospital, Inc., Appellant. — Order unanimously reversed, without costs, and motion denied. Memorandum: The moving papers do not state an acceptable excuse for plaintiffs' failure to request removal of the case from the general docket within the one-year period required by the rules and previous decisions of this court (see CPLR 3404; 22 NYCRR 1024.8, 1024.12, 1024.13 [a]; Goetzmann v Continental Cas. Co., 70 AD2d 1046). Accordingly, Special Term abused its discretion in granting the motion to restore. (Appeal from order of Onondaga Supreme Court — restore to calendar.) Present — Dillon, P. J., Cardamone, Simons, Denman and Schnepp, JJ.

■ Elaine Wright, as Administratrix of the Estate of Carmen Drayton, Also Known as Carmen Wright, Deceased, and as Mother and Natural Guardian of Julius Wright, an Infant, Appellant, v Olean City School District et al., Defendants, and City of Olean Police Department et al., Respondents. — Order unanimously affirmed, without costs, on the opinion at Special Term, Marshall, J. (Appeal from order of Cattaraugus Supreme Court — summary judgment.) Present — Dillon, P. J., Cardamone, Simons, Denman and Schnepp, JJ.