◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINO BOVA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered March 31, 1983, convicting him of manslaughter in the second degree, assault in the first degree, riot in the first degree, and unlawful discrimination (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The testimony at the defendant's trial established that on June 21, 1982, at approximately midnight, Donald Cooper, Dennis Dixon, and Willie Turks, three black New York City Transit Authority employees, were accosted by a group of approximately 15 white male youths as they were driving home from work through the Gravesend section of Brooklyn in Dixon's automobile. The youths hurled racial epithets at the three men and struck Dixon on the head with a beer bottle when he exited from the vehicle to try to reason with

them. Although he was seriously injured, Dixon managed to evade the mob and run to safety. The youths then converged on the vehicle, rocking it, throwing trash on it, and breaking its windows. At this point, Cooper exited from the automobile and fled to safety after being pursued by some members of the group. Willie Turks, who had a cast on his left forearm, then left the vehicle and became engaged in a fistfight with one of the youths, whereupon the defendant, wielding a 2½ foot stick, approached Turks and struck him with the instrument between two and five times in the back, face and head. Turks collapsed on a nearby sewer grate, and the mob of youths then dispersed, although the defendant returned to the scene after a few seconds to retrieve the stick. Turks died as a result of his injuries, and the defendant was convicted, *inter alia,* of manslaughter in the second degree based upon the aforementioned evidence. We affirm.

The defendant's contention that the trial court erred in refusing to submit criminally negligent homicide to the jury as a lesser included offense is without merit. It is well settled that a particular crime may not be charged as a lesser included offense unless there is a reasonable view of the evidence in the case that would support a finding that the lesser offense was committed but the greater was not *(see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427). A review of the instant record indicates that there is no reasonable view of the evidence in this case to support a determination that the defendant failed to perceive a substantial and unjustifiable risk that death would occur as the result of the beating he administered to the decedent *(see,* Penal Law § 15.05 [4]; § 125.10). Indeed, the eyewitness accounts graphically illustrate that the defendant repeatedly struck the decedent about the head with a stick, and the medical examiner testified that the decedent's injuries included multiple skull fractures, indentation of the forehead, lacerations and contusions of the brain, fractures of the nasal bones in the face, and broken teeth. This witness opined that the injuries were consistent with a beating consisting of numerous blows from a blunt instrument such as a wooden stick, and were simply too severe to have been caused by a fall or by engaging in fisticuffs. We find that these massive and extensive injuries and the brutality of the attack itself overwhelmingly negate any reasonable possibility that the defendant failed to perceive that his act of bludgeoning the decedent with a stick would create a substantial and unjustifiable risk of death *(see, People v Wall,* 29 NY2d 863; *People v Duncan,* 55 AD2d 690;

*see also, People v Cash,* 81 AD2d 1002). Hence, the trial court acted properly in rejecting the.defendant's request to submit criminally negligent homicide as a lesser included offense.

Similarly unavailing is the defendant's claim that the trial court failed to properly charge the jury on the concept of reasonable doubt. A fair reading of the challenged instruction reveals that the Trial Judge carefully and accurately described what does and does not constitute a reasonable doubt, and we discern no imbalance in the charge. Moreover, the charge fully apprised the jury of the proper standard of proof to apply to the evidence adduced at trial *(see, e.g., People v Canty,* 60 NY2d 830; *People v Blackshear,* 112 AD2d 1044; *People v Bebee,* 105 AD2d 751).

We discern no abuse of discretion in the court's denial, without a hearing, of the defendant's presentence motion to set aside the verdict on the ground of newly discovered evidence. The alleged "new evidence" was an unsigned, unsworn letter of apology to the defendant which was purportedly authored by one of the prosecution's eyewitnesses. We note that the denial of the motion was proper due to the failure of the defendant to submit sworn allegations of all facts essential to support the motion *(see,* CPL 330.40 [2] [e] [i]; *People v Malave,* 104 AD2d 828). Moreover, as the sentencing court noted, the letter constituted a reaffirmation and not a recantation of the witness's largely cumulative trial testimony, and thus failed to provide any new facts which would create a probability that the verdict would have been more favorable to the defendant had the evidence been presented at trial *(see,* CPL 330.30 [3]; *People v Wadley,* 108 AD2d 943). Additionally, the vague allegation of prosecutorial misconduct contained in the letter was patently incredible *(see, e.g., People v Rivera,* 108 AD2d 829) and was totally unsubstantiated by any specific factual averments. Thus the court was not required to order an evidentiary hearing on that issue *(see, People v Brown,* 56 NY2d 242).

The defendant's argument that the sentence which he received is excessive in light of his age and background is likewise unpersuasive. In passing sentence, the court noted both the positive and negative traits of the defendant as well as his previous adjudication as a youthful offender, his probationary status at the time he committed the instant offenses, and the tragic and brutal circumstances of the homicide which he committed. Since the court was fully aware of all the salient factors, we perceive no error in the imposition of the

challenged sentence *(see, People v Pedraza,* 66 NY2d 626; *People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.