■ The People of the State of New York, Respondent, v Steven Aster, Appellant

The defendant's convictions arose out of a shooting which left one man dead and another injured, following a dispute over the victims' use of a pay telephone.

There was sufficient evidence for the jury to find, beyond a reasonable doubt, that the defendant shot his victims intentionally and not in self-defense. Moreover, there was not "sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" *(People v Perry,* 61 NY2d 849, 850).

We further find that the trial court did not err by refusing the defense counsel's request to submit to the jury the lesser included offenses of manslaughter in the second degree (Penal Law § 125.15 [1]) and criminally negligent homicide (Penal Law § 125.10). No reasonable view of the defendant's testimony could support a finding that he was guilty of either of the requested lesser included offenses but not the greater offenses of murder in the second degree (Penal Law § 125.25 [1]), or manslaughter in the first degree (Penal Law § 125.20 [1]; *see, People v Glover,* 57 NY2d 61). Nor did the fact that the defendant interposed a justification defense mandate the submission of those lesser included offenses *(cf. People v Cook,* 96 AD2d 1059). Moreover, the trial court did not err by refusing to charge the affirmative defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]; *see, People v Walker,* 64 NY2d 741; *People v Luke,* 110 AD2d 717).

Additionally, we find that the defendant's sentence was not excessive given the senseless and violent nature of the shootings.

The defendant's remaining contentions are either without merit or are not preserved for appellate review and do not warrant review in the interest of justice. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.