■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE ANGRUM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered July 2, 1986, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was improperly impeached on a collateral matter when he testified on his own behalf is without merit. The general rule is that a cross-examiner is bound by the answers of a witness to questions concerning collateral matters inquired into solely to affect credibility (see, People v Pavao, 59 NY2d 282, 288, citing Richardson, Evidence § 491, at 477 [Prince 10th ed]; People v Schwartzman, 24 NY2d 241, 245, cert denied 396 US 846). As the Court of Appeals has noted, "[t]he collateral evidence rule [rests] upon auxiliary policy considerations of preventing undue confusion of issues and unfair surprise by extrinsic testimony" (People v Schwartzman, supra, at 245, citing 3 Wigmore, Evidence §§ 979, 1002 [3d ed]). In the instant case, the prosecutor's use of the defendant's post-office employment application was proper. The prosecutor inquired as to what the defendant's answer was to the question on the application regarding pending charges. The defendant refreshed his recollection by examining the application, which was marked for identification, and then testified that he answered the application by indicating that he had no pending charges against him. At the time the defendant filled out the application, however, he was charged with the robbery in the instant case. The prosecutor's use of the defendant's employment application did not contradict the defendant's testimony, but rather refreshed the defendant's recollection and enabled him to give

a response to this collateral inquiry. As such, these questions were within the scope of proper cross-examination. Moreover, the information was not inconsistent with the defendant's response, and the application was not admitted into evidence.

We find that the trial court's jury instruction did not reduce the prosecution's burden of proof. The charge as a whole reveals that it carefully and accurately described what constitutes a reasonable doubt (see, e.g., People v Canty, 60 NY2d 830; People v Bova, 122 AD2d 798, 800, lv denied 68 NY2d 810). Any imbalance created by the court's closing comments was harmless (see, People v Crimmins, 36 NY2d 230).

Viewing the evidence in the light most favorable to the People, it was legally sufficient to support the defendant's conviction (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the defendant's guilt of robbery was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.