■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. CARTER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered June 10, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of August 16, 1984, the defendant and the deceased, Clarence Moore, became embroiled in an argument on a public street in Riverhead, New York. During the argument, Moore was stabbed in the abdomen and, as a result, he died the next day. The defendant was charged with two counts of murder in the second degree (Penal Law § 125.25 [1], [2]).

At trial, the prosecution presented the testimony of three eyewitnesses that on the evening in question, the defendant accosted the deceased and punched him in the face, thereby knocking him to the ground. One of the witnesses then saw the defendant stab the deceased in the abdomen with a steak knife. This eyewitness testified that the defendant later told him that he and his wife and children "were next" if he spoke to the police. Later, the defendant told this witness either to remain silent or tell the police it was an accident. Although the other two eyewitnesses did not see the knife, they observed the defendant punch the deceased in the stomach. All the eyewitnesses knew both the defendant and the deceased.

The People's evidence established that the deceased, who was smaller than the defendant, was unarmed and, indeed, made no attempt to defend himself. Immediately after the stabbing, the manager of a nearby restaurant observed the defendant holding and wiping the knife. The defendant told this witness that he had just "stabbed somebody". This witness also observed the defendant throw the knife on the ground near the deceased and stamp on it. The knife was recovered by the police. In addition, the defendant's cousin testified that when he visited the defendant in jail, the defendant admitted to stabbing the deceased. The cousin also testified that he had often seen the defendant in possession of the knife recovered from the scene of the homicide.

The defendant testified in his own behalf. He admitted to

arguing with and striking the deceased. He stated that he grabbed the deceased when he saw the deceased put his hand under his shirt as if to reach for a weapon. The deceased grunted and bent over, and then the defendant saw the knife in the deceased's stomach.

The trial court instructed the jury on murder in the second degree (intentional murder) (Penal Law § 125.25 [1]), and the lesser included offenses of manslaughter in the first degree (intent to cause serious physical injury) (Penal Law § 125.20 [1]) and manslaughter in the second degree (recklessly causes death) (Penal Law § 125.15 [1]). The jury was instructed to consider the lesser offenses successively only upon finding the defendant not guilty of the greater offense. The defendant contends that the trial court's refusal to submit criminally negligent homicide for the jury's consideration, as requested by defense counsel, is reversible error. We disagree.

First, the defendant's challenge to the sufficiency of the charge is foreclosed by the fact that the lesser offense of manslaughter in the second degree was available to the jury, yet they chose to convict the defendant of manslaughter in the first degree (see, People v Boettcher, 69 NY2d 174, 180; People v Richette, 33 NY2d 42, 44-45).

Moreover, the trial court's conclusion that there was no reasonable view of the evidence which would support a finding that the defendant was guilty of the lesser offense but not guilty of the greater offense was proper (see, CPL 300.50 [1]; People v Glover, 57 NY2d 61, 63). Although criminally negligent homicide is a lesser included offense of murder and manslaughter (People v Green, 56 NY2d 427, 433, rearg denied 57 NY2d 775), an examination of the record reveals no reasonable view of the evidence which would support a finding that the defendant negligently stabbed the deceased. According to the defendant's version of the event, the deceased was accidentally stabbed with his own knife when the defendant, unaware of the presence of the knife, grabbed him. By contrast, the People's evidence proved an intentional stabbing. Indeed, one of the People's witnesses testified that immediately after the stabbing, the defendant said, "I told you I'm going to kill you". Thus, the jury was presented with conflicting versions of the incident indicating that the defendant was either guilty of an intentional stabbing or not guilty at all (see, People v Mills, 105 AD2d 759, 760, lv denied 64 NY2d 891; see also, People v Aster, 124 AD2d 807, lv denied 69 NY2d 947, 70 NY2d 642; People v Bova, 122 AD2d 798, lv denied 68 NY2d 810). Viewing the evidence in the light most favorable to the defendant,

there is no reasonable view of the facts which would support a finding that he acted with criminal negligence in causing the death of Clarence Moore *(see, People v Adams,* 72 AD2d 156, *affd* 53 NY2d 1, *cert denied* 454 US 854).

We also reject the defendant's claim that he was deprived of a fair trial by a police officer's testimony that the deceased identified the defendant as his attacker. The Trial Judge immediately ordered that the testimony be stricken from the record and began to give a curative instruction. The court's instruction was cut short when defense counsel interrupted with a mistrial motion. After the denial of the mistrial motion, there was no request for further curative instructions. Thus, the defendant's claim of error is unpreserved (CPL 470.05 [2]; *People v Santiago,* 52 NY2d 865; *People v Danza,* 127 AD2d 781, *lv denied* 69 NY2d 879). Moreover, in light of the overwhelming evidence of the defendant's guilt, any insufficiency in the curative instructions was harmless *(see, People v Crimmins,* 36 NY2d 230, 242).

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for appellate review. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.