■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO SALCEDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.),

rendered April 27, 1987, convicting him of arson in the second degree and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the record indicates that he was deprived of the effective assistance of trial counsel. Defense counsel's decision not to cross-examine certain prosecution witnesses concerning their prior inconsistent statements would appear to be a reasonable trial tactic in light of the insignificant nature of the alleged discrepancies *(cf., People v Winston,* 134 AD2d 546). The four eyewitnesses were entirely consistent in their testimony concerning their observation of the defendant leaving his store just before it burst into flames. Further, while defense counsel's summation remarks may not have been the most effective, it cannot be said that they were so prejudicial to the defendant as to warrant reversal *(see, People v Jones,* 55 NY2d 771). Defense counsel's performance, considered as a whole, was sufficiently competent to satisfy the defendant's right to " 'meaningful representation' " at trial *(People v Hewlett,* 71 NY2d 841, 842; *see, People v Baldi,* 54 NY2d 137). We note that the defendant was represented by retained counsel of his own choice and the defendant insisted upon this counsel representing him *(see, People v Salcedo,* 68 NY2d 130).

While the trial court's instruction addressed to the defendant's failure to testify at trial was improper, there is no reasonable possibility that this error contributed to his conviction, and it was therefore harmless beyond a reasonable doubt *(see, People v Malcolm,* 143 AD2d 1049; *cf., People v Reid,* 135 AD2d 753, 754). To the extent that the defendant's appellate objections to the trial court's evidentiary rulings and other parts of the trial court's charge have been preserved for appellate review as a matter of law, we find that any errors were harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 237; *People v Carter,* 137 AD2d 826, 828).

We find no basis in the record for modification of the sentence *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.