■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CAICEDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered August 10, 1988, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

None of the defendant's contentions on appeal alleging improper cross-examination have been preserved for appellate review, since he either failed to object to them, objected solely to the form of the questions, or had his objections sustained by the trial court (see, People v Bynum, 70 NY2d 858; People v Liccione, 50 NY2d 850; People v Arrington, 158 AD2d 461). In any event, the defendant's contentions are without merit.

The prosecutor's use of a letter from the defendant's employer to refresh his recollection was not error, since the letter was not admitted into evidence to prove a collateral matter (see, People v Sellan, 143 AD2d 690; People v Angrum,

137 AD2d 539). In addition, it was within the trial court's discretion to permit the defendant to be cross-examined on his illegal presence in the United States. A defendant who chooses to testify may properly be cross-examined on any "illegal, immoral, or vicious" act of his life *(see, People v Sandoval,* 34 NY2d 371, 374). Further, the cross-examination relating to the defendant's activities as a lecturer for his religious organization was also not improper since this issue was raised during the defendant's direct examination and the prosecutor's questions were directed at the defendant's age and experience and did not impugn the religious beliefs or practices of the defendant or his church *(cf., People v Forchalle,* 88 AD2d 645).

The defendant's contention that the court failed to give a sufficient charge on reasonable doubt is also unpreserved for appellate review, and, in any event, without merit. The charge given by the trial court satisfied the minimum requirements for such an instruction *(cf., People v Sanders,* 69 NY2d 860; *People v Newman,* 46 NY2d 126). Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.