■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY ROLLINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered August 9, 1989, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the defendant was walking his dog on a Brooklyn street late one evening, he was observed by three young men sitting on a garbage dumpster across the street from him. At least one of the men yelled at the defendant to stop his dog from urinating on the grass. What happened next was disputed at trial; either all three of the men, or only one of them, jumped off the dumpster and approached the defendant, allegedly screaming and threatening him. The defendant removed a gun from his ankle holster and shot one unarmed man to death. At trial, the defendant claimed that he believed the decedent had a gun because he reached under his shirt. Consequently,

he had no choice but to fire his own weapon in self-defense. Despite the defendant's justification defense, the jury found him guilty of manslaughter in the first degree.

The defendant now claims for the first time on appeal that the court committed reversible error in permitting the prosecutor to conduct an improper cross-examination of him. Such impropriety allegedly occurred as a result of the prosecutor's use of certain documents, ostensibly to refresh the defendant's recollection, but in actuality to impeach his credibility with respect to collateral matters, particularly after he had given definitive answers to the questions posed. This issue is unpreserved for appellate review because the defendant failed to object to any of the alleged errors at the time (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250), and, in any event, it is without merit.

We recognize that a cross-examiner may not contradict a witness's answers concerning collateral matters by producing extrinsic evidence (such as documents or other witnesses), for the sole purpose of impeaching the witness's credibility (see, People v Schwartzman, 24 NY2d 241, 245, cert denied 396 US 846; see also, People v Cade, 73 NY2d 904, 905; People v Pavao, 59 NY2d 282, 288-289; People v Angrum, 137 AD2d 539). However, since the record reveals that here the introduction of documents to refresh the defendant's recollection related mainly to material issues and/or to matters already addressed on the defendant's direct examination, there was no error. In the one or two instances where a technical error actually occurred, the prejudice was minimal because the document was never identified or entered into evidence.

We have reviewed the defendant's remaining contentions and find that they are either unpreserved for appellate review or lacking in merit. Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.