■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUEVELL BALLARD, Appellant. [607 NYS2d 816] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in admitting rebuttal testimony by Officer Harrington that discredited defendant's alibi because the

prosecutor failed to provide notice of that testimony pursuant to CPL 250.20. Defendant did not preserve that contention for review (see, CPL 470.05 [2]) and we decline to consider it as a matter of discretion in the interest of justice (see, CPL 470.15 [6]). Defendant's further contention that Supreme Court erred in permitting the prosecutor to impeach the testimony of defendant's wife with a document signed by Sue Stevenson is also unpreserved (see, CPL 470.05 [2]).

We agree with the contention of defendant that it was error for the court to permit the prosecutor, over objection, to use a statement made by defendant's brother-in-law to refresh the recollections of defendant and his wife. Because both defendant and his wife unequivocally testified that they were at the home of defendant's brother-in-law on January 29, 1990, there was no basis for the prosecutor to use that statement to refresh their recollections regarding their whereabouts on that date (see, People v Boice, 89 AD2d 33, 35; Richardson, Evidence § 466 [Prince 10th ed]). Those errors, however, were harmless because the evidence against defendant was over-whelming and there was no reasonable probability that they affected the jury's verdict (see, People v Rollins, 184 AD2d 796, lv denied 80 NY2d 933).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.