OPINION OF THE COURT
Meyer, J.
A crime which as defined by the Penal Law includes as an element defendant’s mental state can be a lesser included offense of a crime the definition of which requires the same act but a higher mental state, but cannot be a lesser included offense of a crime in the definition of which mental state plays no part. It was, therefore, error for the trial court to refuse defendant’s request that assault in the second degree be charged under an indictment charging assault in the first degree. The order of the Appellate Division should, therefore, be reversed and a new trial ordered.
When a crime may or must be submitted to the jury as a lesser included offense and the effect of doing so are governed by CPL 1.20 (subd 37) and CPL 300.50.[1] “Lesser included offense” is defined by CPL 1.20 (subd 37) as follows: “When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a lesser included *430 offense.’”[2] Absent a request for submission of a lesser included offense, it is not error not to do so, but the court may, and if a request is made by either party the court must, “submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense. Any error respecting such submission, however, is waived by the defendant unless he objects thereto before the jury retires to deliberate” (CPL 300.50, subds 1, 2). CPL 300.50 (subd 4) also requires that when two or more offenses are submitted in the alternative under the section, the court must instruct the jury that it may render a verdict of guilty with respect to any one of such offenses, depending upon its findings of fact, but that it may not render a verdict of guilty with respect to more than one. A verdict of guilty of any such offense is not deemed an acquittal of any lesser offense submitted, but is deemed an acquittal of every greater offense submitted. The principle behind these provisions is as we stated in People v Perez (45 NY2d 204,209), “that a defendant should not be convicted and punished more than once for conduct which, although constituting only one prohibited act may, because of statutory definition, be theorized as constituting separate criminal acts.”
Whether a crime is a lesser included offense under these provisions is determined by a two-tiered analysis, as our Per Curiam in People v Glover (57 NY2d 61) makes clear: (1) considering in the abstract the Penal Law definition of the crime charged in the indictment in relation to the Penal Law definition of the claimed lesser included offense, is it theoretically impossible to commit the greater crime without at the same time committing the lesser; (2) is there a reasonable view of the evidence in the particular case that would permit the jury to conclude that the defendant committed the lesser but not the greater offense. The *431 impossibility element speaks not to all the variations of the greater offense that are detailed in a Penal Law section with numerous subdivisions, but only to the subdivision which the particular act or omission referred to in the indictment brings into play. The theoretical comparison then to be made is of the act or omission which each statute makes criminal and whether the greater offense is one of strict liability rather than one of mental culpability.
If the lesser crime requires demonstration of an element or fact not required by the greater, the impossibility test has not been met and the charge should not be given (People v Graham, 44 NY2d 768 [giving an unlawful gratuity which is rewarding official conduct already performed (Penal Law, § 200.30), not lesser included of bribery the gist of which is the effort to influence an official act yet to be performed (Penal Law § 200.00)]; People v Acevedo, 40 NY2d 701 [robbery, second degree, which requires proof that defendant was aided by another person actually present (Penal Law, § 160.10, subd 1), not lesser included of robbery, first degree, which does not (Penal Law, § 160.15)]; see, also, People v Ramirez, 55 NY2d 708; People v Greer, 42 NY2d 170). Likewise, when the greater crime is an offense of strict liability with respect to an element of required conduct, no offense which includes as part of its required conduct a culpable mental state can be a lesser included offense because it is possible to commit the greater offense without “by the same conduct” committing the lesser. In such a case the impossibility test has not been met and the charge should not be given (People v Miguel, 53 NY2d 920 [assault, third degree, which requires proof that defendant acted recklessly or with specific intent to cause physical injury (Penal Law, § 120.00), not lesser included of either robbery, second degree (Penal Law, § 160.10), or felony assault (Penal Law, § 120.05, subd 6), neither of which requires proof of a culpable mental state with respect to the physical injury caused]; People v Newton, 46 NY2d 877 [assault, first degree, which requires proof of an intent to cause serious physical injury (Penal Law, § 120.10, subd 1), not lesser included of robbery, first degree, under either subdivision 1 or 3 of section 160.15 of the Penal Law, which though they require proof that *432 serious physical injury was caused do not require proof of mental culpability]).[3]
If, however, both the lesser and the greater offenses require demonstration of a culpable mental state, the fact that the degree of culpability specified for each differs from the other does not foreclose giving a lesser included charge on impossibility grounds. The reasons for this are spelled out in People v Stanfield (36 NY2d 467)[4] and, though no issue on this question has been raised by the parties, bear review and reaffirmation in view of the arguments advanced in the dissent. Stanfield recognized that the various degrees of culpability specified in subdivision 6 of section 15.00 of the Penal Law and defined in section 15.05 (intentionally, knowingly, recklessly, with criminal negligence) are not capable of direct proof. They are, instead, to be inferred from the facts and circumstances proved and involve “fine gradations along but a single spectrum of culpability” (36 NY2d, at p 473), the lower mental states being necessarily included in the higher forms of mental culpability. Consequently, we held, the result and underlying conduct of criminally negligent homicide (Penal Law, § 125.10) and manslaughter, second degree (Penal Law, § 125.15, subd 1), being identical and the only distinction between the two crimes being the mental state of the defendant, it is, within the meaning of CPL 1.20 (subd 37) and CPL 300.50, impossible to commit the latter without concomitantly committing the former. We reached that conclusion, moreover, notwithstanding the People’s contention that the necessary implication of CPL 220.20 was to the contrary (36 NY2d, at p 472). In concluding that the kaleidoscopic nature of the varying degrees of mental culpability warranted the broader view of the statutory *433 definition of “lesser included offense” adopted by us, rather than the overly mechanical reading urged upon us by the People, we were guided in part by the fact that the rule adopted serves the best interests of both the person accused and the People. From the perspective of the accused, submission of a lesser included offense enables the jury to extend mercy by providing a less drastic alternative than the choice between acquittal and conviction of the offense charged (People v Mussenden, 308 NY 558, 562; People v Rytel, 284 NY 242, 245; see, also, Beck v Alabama, 447 US 625, 633).[5] But submission of a lesser included offense redounds to the benefit of the People as well, for it may prevent “the prosecution from failing where some element of the crime charged was not made out” (People v Murch, 263 NY 285, 291; see, generally, Pitler, New York Criminal Practice Under the CPL, § 12.49, p 660 [and cases cited]).
Stanfield’s rule and rationale have been applied in later cases in which we held that reckless manslaughter is a lesser included offense of intentional murder (People v Murray, 40 NY2d 327, 335, cert den 430 US 948; People v Tai, 39 NY2d 894; see, also, People v Russo, 41 NY2d 1091, 1092; People v Strong, 37 NY2d 568). Indeed, this court has consistently applied the rule that where the elements of the lesser offense (i.e., result and underlying conduct) are identical with the requisite elements of the greater crime and the only thing that differs between the two crimes is the culpable mental states, the CPL definition of “lesser included offense” is nevertheless satisfied since the lower forms of mental culpability are necessarily subsumed within the higher mental states. Moreover, in the seven *434 years that have elapsed since Stanfield was decided, the Legislature has expressed no disagreement with its holding nor has either the defense or the prosecution side of the trial bar. Usual principles of stare decisis suggest, therefore, that we should make no change in the Stanfield rule now (see Matter of Higby v Mahoney, 48 NY2d 15, 19) and that neither People v Ramirez (55 NY2d 708, supra) nor People v Miguel (53 NY2d 920, supra) can be regarded as having overruled or modified the Stanfield rule sub silentio, as the dissenter, who concurred in the Stanfield decision and appears still to accept its rationale, suggests. The fallacy of the dissent is in failing to distinguish, as does section 15.10 of the Penal Law, between an offense of strict liability (one which “does not require a culpable mental state on the part of the actor”) and one of mental culpability (one which requires “a culpable mental state on the part of the actor * * * with respect to every material element”). Because as above demonstrated the greater crimes involved in Miguel were, as to the resulting physical injury, offenses of strict liability, the lesser crime which required proof of mental culpability was held not to be a theoretically impossible concomitant of the conduct required to prove the greater. Nothing in the wording or the result of Miguel is inconsistent with the Stanfield rationale.
The second prong of lesser included offense analysis requires review of the evidence presented in the particular case to determine whether there is a reasonable view of the evidence upon which the jury could find that defendant committed the lesser offense but not the greater (CPL 300.50, subd 1; People v Henderson, 41 NY2d 233). In that analysis the court’s evaluation of the persuasiveness of the evidence of guilt of the greater crime is irrelevant and the jury’s right to accept some part of the evidence presented by either side and reject other parts of that proof must be respected (People v Henderson, supra; People v Shuman, 37 NY2d 302; People v Asan, 22 NY2d 526).
In the instant case defendant was charged with attempted murder in the second degree under section 110.00 *435 and subdivision 1 of section 125.25 of the Penal Law that is, with conduct tending to intentionally cause death, and with assault in the first degree under subdivision 1 of section 120.10 of the Penal Law, that is, with intent to cause serious physical injury, causing such injury by means of a deadly weapon or a dangerous instrument. He requested but was denied a charge, as a lesser included offense, of assault in the second degree under subdivision 4 of section 120.05 of the Penal Law, that is, recklessly causing serious physical injury by means of a deadly weapon or dangerous instrument. Because each is a crime of mental culpability and the acts required to prove both first and second degree assault are exactly the same, the impossibility condition is met, notwithstanding the difference in degree between first degree (intentional) and second degree (reckless) assault.
There is also a reasonable view of the evidence from which the jury could conclude that defendant committed the lesser but not the greater offense. Although the victim’s testimony was that the trigger was deliberately pulled, there was before the jury the testimony of Peter Mitchell, introduced by the People, that defendant said as they ran from the scene that the gun went off by accident. The jury could conclude on the basis of that testimony, the evidence that the weapon was given to defendant but a few minutes before the shooting,' and his age that the act of shooting was reckless but accidental, or that defendant’s statement was a subjective, but untruthful, effort to lessen his guilt, but it cannot be said that the latter is the only or even a necessarily more reasonable view of the evidence than the former.
Nor can it be said that the error in failing to submit the lesser crime was harmless. Only if defendant were convicted of the higher offense charged (attempted murder in the second degree) and acquitted of the lower offense charged (assault in the first degree) would the failure to charge an even lesser offense (second degree assault) be harmless. The fact that defendant was convicted of both offenses charged (attempted murder and first degree as *436 sault) does not establish that there was no significant probability the jury would have acquitted him of those charges and convicted him of second degree assault if that option were available to it (compare People v Granger, 187 NY 67, with People v Crimmins, 36 NY2d 230).
The order of the Appellate Division should, therefore, be reversed and a new trial ordered.

. CPL 300.40 (subd 3, par [b]) also speaks to the question but its requirements are included in CPL 300.50 and, therefore, are not separately considered.

. Though not pertinent to the present case, the subdivision also states that: “In any case in which it is legally possible to attempt to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto.”

. Although an intent is required as to the underlying crime for conviction of felony assault (Penal Law, § 120.05, subd 6) as well as felony murder (Penal Law, § 125.25, subd 3), it is an intent to commit the underlying felony. As to the physical injury or death involved, the intent is unrelated and the crime is, therefore, as to that injury or death one of strict liability.

. Our disavowal in People v Glover (57 NY2d 61, supra) of so much of Stanfield as accepted the rationale of People v Johnson (39 NY2d 364), People v Cionek (35 NY2d 924) and People v Hayes (35 NY2d 907) and permitted consideration of the impossibility inquiry on a factual rather than a theoretical basis does not affect our continued acceptance of the aspect of Stanfield now under discussion.

. In Keeble v United States (412 US 205, 212-213), Justice Brennan succinctly explained the benefit received by an accused when the jury is provided with the “third option” of convicting on a lesser included offense: “[I]t is no answer to petitoner’s demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction * * * precisely because he should not be exposed to the substantial risk that the jury’s practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction” (emphasis in original).