■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH PUMA, Respondent. — Order entered November 10, 1982 in Supreme Court, Bronx County (Joseph Cerbone, J.) which dismissed five counts in the indictment, unanimously modified, on the law and the facts, to reinstate counts one and two, and the order is otherwise affirmed. The driver of an 18-wheel tractor trailer testified before the Grand Jury that right after he had pulled into the middle lane to avoid three EPA cars in the right lane, defendant's van cut across in front of him without warning. The two vehicles interlocked and slid into the right lane and into the siderail, missing the EPA cars but striking a highway worker, throwing him to his death. The arresting officer stated that defendant's speech was slurred, and a subsequent blood test revealed the presence of cocaine, methadone and opiates. A physician testified that the concentrations discerned would impair the ability to react normally. The Grand Jury returned a bill indicting defendant for manslaughter in the second degree, reckless driving, four counts of driving while impaired by drugs, driving without a license and changing lanes without properly signaling. On motion, the court below dismissed all but counts three, seven and eight — driving while under the influence of alcohol or drugs, unlicensed operation of a vehicle and changing lanes without signaling. As to counts four, five and six, we agree with the court's reasoning that these are repetitive of count three and should be dismissed. Although the language of count three merely repeats the title of section 1192 of the Vehicle and Traffic Law (as opposed to the other three counts, which make clear that subdivision 4 of that section is the crime being charged) we note that defendant is well apprised of the exact nature of the charge. Thus, no purpose would be served by substituting count four for count three. However, counts one and two should be reinstated. While the court was correct in its observation that "simple proof of intoxication [or impairment by drugs] may still not be sufficient to support a conviction" (see, e.g., *People v Roberts,* 72 AD2d 954, 955), the court should not have arrogated to itself the function of a petit jury by determining whether the evidence was sufficient to support a conviction. Upon a CPL 210.20 motion to dismiss all or part of an indictment, a court may only grant the motion to the extent that "[t]he evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense" (subd 1, par [b]). "In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt (cf. *People v Fellman,* 35 NY2d 158)." (*People v Mayo,* 36 NY2d 1002, 1004, cited in *People v Steiner,* 77 AD2d 13, 17 [per Fein, J.].) Given the evidence of defendant's voluntary drug intoxication, driving without a license and changing lanes without signaling, a prima facie case is certainly made to support a conclusion that there was a "gross deviation from the standard of care [of] a reasonable [man]" (Penal Law, § 15.05, subd 4), and thus the lesser included offense of criminally negligent homicide was established. (Cf. Penal Law, § 125.10; CPL 210.20, subd 1, par [b]; and, see CPL

190.65, subd 1; *People v Dunleavy,* 41 AD2d 717, affd 33 NY2d 573.) Likewise, this evidence supports a view that defendant's actions "unreasonably endanger[ed] users of the public highway" (Vehicle and Traffic Law, § 1190), and the charge of reckless driving should also be reinstated. Concur — Ross, J. P., Carro, Asch, Milonas and Kassal, JJ.