■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v YUMET TONY REYES and JIMMY VELEZ, Respondents.—Appeal by the People from an order of the Supreme Court, Kings County (Moskowitz, J.), entered July 27, 1987, which granted the defendants' motion to dismiss all counts of indictment No. 4807/86 on the grounds (1) that the evidence before the Grand

Jury was legally insufficient and (2) that the prosecutor failed to properly instruct the Grand Jury with respect to a triple net lease.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated as to both the defendant Yumet Tony Reyes and the defendant Jimmy Velez, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

On December 18, 1985, a fire took place at the building located at 1553 Gates Avenue in Brooklyn. As a result of the fire, one tenant perished and another was injured. The building, a three-story wood-frame house, had been illegally converted into a single-room-occupancy premises on the upper two floors. Notably, there were various electrical violations issued against the building after the conversion, some of which occurred in the rooms of illegal tenants. The postfire investigation revealed that the origin of the fire was electrical and that it had spread very rapidly due to the substandard, illegal construction.

The record further reveals that defendant Reyes—the record owner of the premises—entered into a so-called "triple net lease" in June of 1983 with the defendant Velez, pursuant to which Velez was to manage the premises. The lease further provides that "[t]enant shall make no changes in or to the premises of any nature without [O]wner's prior written consent" and that the "[o]wner shall maintain and repair the public portions of the building". Significantly, testimony was adduced before the Grand Jury that Reyes had been observed in the building—while the illegal construction was taking place—giving instructions to the men working on the project. There was also testimony which established that a tenant which occupied a second-floor office made its rent checks payable to Reyes and that Reyes maintained liability insurance on the premises.

Subsequently, an indictment was returned against Reyes and Velez, charging them each with the crimes of reckless endangerment in the first degree, manslaughter in the second degree, criminally negligent homicide, and assault in the third degree. Upon the defendants' motion the Supreme Court dismissed the indictment, determining, inter alia, that the evidence adduced by the People was legally insufficient. On appeal, the People contend that the evidence presented to the Grand Jury was sufficient to sustain the indictments. We agree.

On an appeal from an order granting a motion to dismiss an indictment on the ground of insufficiency, we must look to see whether the evidence before the Grand Jury was "legally sufficient to establish the offense charged or any lesser included offense" (CPL 210.20 [1] [b]; 210.30; *People v Leonardo,* 89 AD2d 214, 216, *affd* 60 NY2d 683; *People v Deitsch,* 97 AD2d 327). The evidence is legally sufficient if there is competent evidence, which, if accepted as true, establishes every element of the offense charged or a lesser included offense and the defendant's commission thereof *(see,* CPL 70.10 [1]; 190.65 [1]; *People v Deitsch, supra,* at 329). In the context of a Grand Jury proceeding, legally sufficient evidence means prima facie evidence, not proof beyond a reasonable doubt *(see, People v Mayo,* 36 NY2d 1002, 1004; *People v Brewster,* 100 AD2d 134, 139-141, *affd* 63 NY2d 419; *People v McCarter,* 97 AD2d 852; *People v Puma,* 97 AD2d 740). The test to be applied is whether there has been a "clear showing" that the evidence before the Grand Jury, if unexplained and uncontradicted, would not warrant conviction by a trial jury *(see, People v Dunleavy,* 41 AD2d 717, *affd* 33 NY2d 573; *see also, People v Rallo,* 46 AD2d 518, 527, *affd* 39 NY2d 217; *People v Leonardo, supra,* at 217; *People v Potwora,* 44 AD2d 207, 210). Furthermore, we must view the evidence in the light most favorable to the People *(see, People v Warner-Lambert Co.,* 51 NY2d 295, 299, *cert denied* 450 US 1031; *People v Leonardo, supra,* at 217; *People v Deitsch, supra,* at 329; *People v Sacco,* 64 AD2d 324, 327) and the burden of proving the insufficiency thereof rests on the defendant *(see, People v Howell,* 3 NY2d 672, 675; *People v Deitsch, supra,* at 329). It is our determination that the evidence adduced by the People met the foregoing requirements.

We note that the evidence adduced before the Grand Jury with regard to Velez demonstrated that the illegal construction of the premises took place while he was in possession and occupancy of the building. Furthermore, the evidence established that the various fire and building code violations were created or allowed to exist during his tenure as net lessee. Although defendant Reyes suggests that he severed all connection with the premises after execution of the lease, its provisions state, among other things, that the owner's prior written consent must be obtained before any change may be made to the premises and that the owner is to repair and maintain the public portions of the building.

Furthermore, the Grand Jury was presented with proof of Reyes' active participation in the creation of the hazardous

condition ·in the form of direct evidence that Reyes had supervised the construction of the illegal rooms. In addition to the previously noted indicia before the Grand Jury which connected Reyes to the building, it was shown that notices of the violations had been mailed to Reyes but he failed to act upon them.

The foregoing supports the Grand Jury's determination that Reyes and Velez created and maintained the unsafe conditions which resulted in the foreseeable danger of fire and injury to the building's tenants. As this court stated in *People v Deitsch (supra,* at 335) " 'it is not necessary that the ultimate harm be intended by the actor. It will suffice if it can be said beyond a reasonable doubt * * * that the ultimate harm is something which should have been foreseen as reasonably related to the acts of the accused' ".

Finally, we perceive no error in the prosecutrix's instructions to the Grand Jury with regard to the net lease. We note in this respect that the lease was presented to the Grand Jury for its inspection and was described by the attorney who represented Reyes when it was executed *(cf., People v Thompson,* 116 AD2d 377, 381-382).

We have examined Reyes' remaining contentions and find them to be lacking in merit. Eiber, J. P., Kooper, Sullivan and Harwood, JJ., concur.