■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered July 1, 1986, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in denying the defense counsel's request to charge criminally negligent homicide (Penal Law § 125.10) as a lesser included offense of manslaughter in the second degree. The second criterion of the test in *People v Green* (56 NY2d 427, 430, *rearg denied* 57 NY2d 775) is not satisfied in this case in that there is no reasonable view of the evidence which would permit the jury to find that the defendant committed the lesser offense but not the greater offense on the basis of the defendant's alleged mental disease or defect. The trial court correctly ruled that acquittal of the defendant of manslaughter in the second degree on the basis that his alleged mental disease or defect made him unable to perceive the risk would also warrant acquittal of the defendant of criminally negligent homicide. While there is no requirement of perception of the risk in criminally negligent homicide, the failure to perceive the risk must be a culpable failure. Such a culpable failure cannot be found in the theory advanced by the defense counsel *(see, People v Haney,* 30 NY2d 328, 334). Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.