■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NEIL JOHNSON, Also Known as FREDDIE JOHNSON, and MICHAEL DAYAO, Respondents.—Appeal by the People from so much of two orders of the Supreme Court, Queens County (Friedmann, J.), both dated April 27, 1989, as granted, in part, those branches of the defendants' separate motions which were to dismiss indictment number 649/89 against them, and dismissed the counts charging them with murder in the second degree, manslaughter in the first degree, manslaughter in the second degree, attempted robbery in the first degree (two counts), and attempted robbery in the second degree, on the ground of legally insufficient evidence.

Ordered that the orders are reversed insofar as appealed from, on the law, those branches of the defendants' separate motions which were to dismiss indictment number 649/89 against them are denied in their entirety, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

Pursuant to CPL 210.20 (1) (b), the court may dismiss the indictment where "[t]he evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense" (see also, CPL 210.30; People v Deitsch, 97 AD2d 327). The evidence is deemed to be legally sufficient where there is competent evidence which, if accepted as true, establishes every element of the offense charged or a lesser included offense and the defendant's commission thereof (see, CPL 70.10 [1]; People v Deitsch, supra). The standard does not require proof beyond a reasonable doubt (see, People v Mayo, 36 NY2d 1002), and the burden is on the defendant to make a clear showing of insufficiency (see, People v Howell, 3 NY2d 672). Moreover, the court is required to examine the evidence in the light most favorable to the People (see, People v Warner-Lambert Co., 51 NY2d 295, 299).

Keeping these principles in mind, our review of the record leads us to the conclusion that there existed legally sufficient evidence before the Grand Jury to support the attempted robbery charges and the murder charge. The testimony before the Grand Jury indicated that the defendants approached the

victim armed with sticks, which they used to assault him. The testimony also showed that at the commencement of the assault, one of the defendants told another member of their group to take the victim's bicycle, and that the defendants continued to hit and chase the victim out into the street, where he was struck by a car and killed. Thus, there was sufficient evidence for the Grand Jury to conclude that the defendants assaulted the victim with the intention to rob his bicycle, and that during the course of the attempted robbery, the victim was killed.

With respect to the charge of manslaughter in the first degree, we would note that by refusing to hold that there was insufficient evidence to support the third count of the indictment which charged the defendants with manslaughter in the second degree (Penal Law § 125.15 [1]), the court necessarily concluded that the evidence was legally sufficient to support that charge, which is a lesser included offense of manslaughter in the first degree (Penal Law § 125.20 [1]; *see, People v Rodriguez*, 144 AD2d 273, 275; *People v Carter*, 137 AD2d 826, 827; *see also, People v Green*, 56 NY2d 427, 432-433). That being so, it was error for the court to dismiss the second count of the indictment which charged the defendants with manslaughter in the first degree *(see,* CPL 210.20 [1] [b]; *People v Reyes*, 148 AD2d 756, 758). Sullivan, J. P., Harwood, Balletta and Miller, JJ., concur.