■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN HODGE, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J., at trial, plea and sentence), rendered April 5, 1989, convicting defendant, after jury trial, of manslaughter in the first degree and, upon his plea of guilty, of criminal possession of a weapon in the third degree, and which sentenced him, as a second violent felony offender, to concurrent indeterminate terms of 12½ to 25 years' and 3½ to 7 years' imprisonment respectively, unanimously affirmed.

Defendant was arrested and charged with murder in the second degree and manslaughter in the first degree arising from the shooting death of Schvoan Topping on December 8, 1987. After jury trial, defendant was found guilty of manslaughter in the first degree, pleaded guilty to criminal possession of a weapon in the third degree and was sentenced as noted above.

On appeal, defendant contends that the trial court erred in refusing defendant's request for a jury charge of manslaughter in the second degree as a lesser included offense of both murder in the second degree and manslaughter in the first degree, on the basis that a reasonable view of the evidence presented at trial would support the inclusion of such lesser included charge.

At trial, four eyewitnesses, and defendant himself, testified that they and the victim were part of a group talking on a street corner; that defendant left the scene after a verbal argument with the victim and returned approximately 10 minutes later with a gun; that defendant first struck the victim with the gun and then shot twice at the victim, within close range, the second shot hitting the victim behind the right ear and killing him. Defendant himself testified that at no time was the victim armed, nor did he attempt at any time to strike the defendant. Defendant also testified that his intent in shooting at the victim the second time was to injure him. By no reasonable view of the evidence presented at trial could the jury have concluded that defendant was guilty of the lesser and not the greater offense, and therefore the trial court properly refused defendant's request for a jury charge of the lesser included offense of manslaughter in the second degree. (CPL 300.50 [1]; *see also, People v Glover,* 57 NY2d 61, 63-64; *People v Green,* 56 NY2d 427, 434.)

We perceive no abuse of discretion by the trial court in the imposition of sentence and in the circumstances do not find that sentence to be excessive. Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Ellerin, JJ.