■ The People of the State of New York, Respondent, v Norman Jenkins, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered April 5, 1989, convicting defendant of manslaughter in the first degree, and sentencing him to an indeterminate term of imprisonment of 12½ to 25 years, unanimously affirmed.

In the early morning hours of December 14, 1987, decedent Arnold Herring was lured into the lobby of an apartment building at 310 East 102nd Street where at the instigation of Louis Johnson and Jackie Douglas, he was set upon. The assault committed by defendant Jenkins, Johnson, Douglas, Ronald Woods, Albert Turner, Kay Smith and others consisted of a vicious beating during which decedent was dropped on his head, thrust into a wall like a battering ram and while on his

knees, repeatedly stabbed in the chest by defendant Jenkins with a knife given him by Woods.

The trial court committed no error when it refused to submit for the jury's consideration a charge of manslaughter in the second degree as a lesser included offense. As the trial court noted in rejecting defendant's request, the issue is whether there is any reasonable view of the evidence by which the jury could conclude that the defendant stabbed the deceased in the chest in a reckless, but not an intentional fashion. *(People v Green,* 56 NY2d 427, 430.) The only reasonable interpretation of the evidence in the instant case is that after having been subjected to a terrible beating, and while unable to actively defend himself, the decedent was intentionally stabbed by defendant. None of the witnesses' testimony suggests otherwise.

Defendant's arguments that the integrity of the grand jury was impaired and that the jury should have considered whether a witness was an accomplice are unpreserved, and were we to review them in the interests of justice, we would find them lacking in merit. Nor in the circumstances do we find the sentence imposed to be excessive. Concur—Sullivan, J. P., Milonas, Asch, Kassal and Smith, JJ.