■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered September 27, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant contends that he was denied a fair trial by the trial court's denial of his request to charge the lesser included offense of manslaughter in the first degree. We agree.

In order to be entitled to a requested charge on a lesser included offense, the defendant must show that the requested charge is a lesser included offense of the crime charged, and that there is a reasonable view of the evidence that would support a finding by the jury that the defendant committed the lesser offense but not the greater (see, People v Glover, 57 NY2d 61, 63; People v Green, 56 NY2d 427, 430). Here, if the jury chose to credit the defendant's testimony, they could

reasonably have found that the defendant had not intended to kill the victim. The trial court's evaluation of the persuasiveness of the evidence of guilt of the greater offense is irrelevant *(see, People v Green, supra,* at 434).

We find no merit to the defendant's remaining contentions. Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.