■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE RANDELL, Also Known as ANTHONY RANDOLPH, Appellant.—Judgment, Supreme Court, New York County (Albert P. Williams, J.) rendered May 14, 1991, convicting defendant, after a trial by jury, of burglary in the second degree and sentencing him to an indeterminate term of imprisonment of 3 to 6 years, unanimously reversed, on the law, and the matter remanded for a new trial.

At trial, the prosecution offered evidence that defendant had gone to the apartment where his former girlfriend was

staying and, when denied entry, had broken the door down, entered, and stolen various items. Defendant admitted going to the apartment but testified that he only wanted to talk and to retrieve his friend's coat, which his former girlfriend had borrowed. However, when she came to the door of the apartment, he saw a man inside and forced his way past her without permission. Once inside, he demanded that she turn over various things which she had purchased with his money.

Upon request, a defendant is entitled to a charge on a lesser included offense when a reasonable juror could find, viewing the evidence in a light most favorable to the defendant, that the defendant could have committed the lesser crime but not the greater (CPL 300.50 [1], [2]; see, People v Green, 56 NY2d 427, 434). In this case, defendant's testimony presented a scenario in which a reasonable juror could find that he was guilty of criminal trespass in the second degree, by entering the apartment unlawfully, but that he did not have, at the time of such entry, the intent to commit a crime necessary to establish burglary in the second degree. Since criminal trespass in the second degree is a lesser included offense of burglary in the second degree, under these circumstances, as the prosecution concedes, the court was obligated to grant defense counsel's request to charge the jury with criminal trespass in the second degree.

In addition, we note that, in this case, the prosecution did not proceed under a theory that defendant had entered the apartment lawfully and had then exceeded his privilege and remained in the apartment with the purpose of committing a crime. The court therefore committed reversible error when it refused to grant defendant's request to instruct the jury that, in order to find defendant guilty, it had to find that defendant had the intent to commit a crime at the time of entry to the apartment and, instead, charged the jury that defendant could be found guilty of burglary if, "at the time of his unlawful entry and remaining, he intended to commit a crime within the dwelling" (People v Gaines, 74 NY2d 358; People v Aguilar, 177 AD2d 197). Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.