■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MERCEDES, Appellant. [651 NYS2d 456] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered June 14, 1992, by which defendant was convicted, after a jury trial,

of burglary in the third degree and sentenced, as a second felony offender, to a term of $3^1/2$ to 7 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant's claims regarding the deficiencies in the trial court's charge were properly preserved for appellate review (CPL 470.05 [2]). Upon our review, we find that reversal is required by the court's failure to convey the correct legal standard to allow the jury to properly determine the defendant's guilt of burglary in the third degree (Penal Law § 140.20).

A person commits burglary in the third degree when he or she "knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.20). It has been held that "[i]n order to be guilty of burglary for unlawful remaining, a defendant must have entered legally, but remain for the purpose of committing a crime after authorization to be on the premises terminates. And in order to be guilty of burglary for unlawful entry, a defendant must have had the intent to commit a crime at the time of entry. In either event, contemporaneous intent is required" (*People v Gaines*, 74 NY2d 358, 363). Therefore, where a case involves "unlawful entry" and not "unlawful remaining", the court should omit any reference to "remains unlawfully" from its charge (*supra*, at 363; *People v Jackson*, 202 AD2d 250, *lv denied* 83 NY2d 911).

The trial court herein improperly conflated the terms "unlawful entry" and "unlawful remaining". Simply put, the theory of the prosecution in this case was that the defendant entered unlawfully. Defendant contended that he entered the premises in question legally. The major part of the court's charge improperly referred to the term "remains unlawfully" instead of "unlawful entry". Moreover, after having focused upon the term "unlawful remaining" in explaining the first three elements of the crime, the court then switched to "unlawful entry" when it instructed the jury that the last element of the crime of burglary in the third degree was that "[a]t the time [defendant] entered the building, he intended to commit a crime". Finally, the court compounded the error in its review of the elements of the crime when it stated as follows: "Therefore * * * if you find * * * this defendant entered or remained in a building; two that he entered knowingly or unlawfully; he remained in the building; and fourth, as a result of his remaining he intended to commit a crime, you must find the defendant guilty of the crime of Burglary in the Third Degree with regard to the first count".

The court's review was critically misleading, in that it al-

lowed the jury to believe that where the theory of prosecution is "unlawful entry", the intent to commit a crime could be formed during the subsequent time defendant remained in the premises (*People v Gaines, supra; People v Randell*, 184 AD2d 420, 421). Since reversal and remand is required on this ground alone, we need not reach the other arguments advanced by the defendant-appellant. Concur—Rosenberger, J. P., Ross, Williams, Mazzarelli and Andrias, JJ.