■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE GILMORE, Appellant. [663 NYS2d 630] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered February 26, 1996, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The trial court erred in denying the defendant's request to charge criminal trespass in the second degree as a lesser included offense of burglary in the second degree. It was impossible for a burglary to have been committed without the commission of a trespass, and a reasonable view of the evidence could support a verdict that the defendant committed the lesser offense but did not commit the greater one (*see, People v Glover,* 57 NY2d 61; *People v Henderson,* 41 NY2d 233).

A conviction for burglary in the second degree requires proof that the defendant intended to commit a crime in the building at the time of the unlawful entry (*see, People v Gaines,* 74 NY2d 358, 362). Here, evidence was presented that the defendant climbed in the window of his cousin's bedroom after midnight and, when confronted by his cousin, he said that he had come to see her. The defendant had known his cousin all his life and frequently visited her home. However, about two months before the incident, for undisclosed reasons, he was no longer permitted to visit her home or talk to her by telephone. The cousin testified that the defendant admitted to her that he tried to take her watch from the top of the dresser as he was leaving her bedroom. On these facts, there is a reasonable view of the evidence that the defendant did not intend to commit a crime at the point when he entered his cousin's bedroom.

The failure to charge criminal trespass in the second degree was not harmless error under the facts of this case (*cf., People v Green,* 56 NY2d 427, 435). The lesser included offense of attempted burglary in the second degree, which was submitted to the jury, also requires proof that the defendant intended to commit a crime upon entry into the building (*see, People v Henderson, supra*). Therefore, the jury was not given a charge for an offense which would permit it to determine that the defendant entered his cousin's bedroom without the intent to commit any crime (*see, People v Randell,* 184 AD2d 420; *People v Tano,* 169 AD2d 878; *see also, People v Summer,* 64 AD2d 658).

In view of our determination, we need not reach the defendant's remaining contention. O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.