■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE COOK, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered June 20, 1980, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see *People v Beslanovics,* 57 NY2d 726). In an indictment for murder in the second degree, defendant was charged with the stabbing death of John Pearson. Two weeks after the incident, defendant voluntarily surrendered to the New York City Police at the 103rd Precinct. On appeal, defendant argues, on the basis of *Dunaway v New York* (442 US 200), that the statements he made to a detective alone and to the same detective and an Assistant District Attorney must be suppressed as the fruits of an illegal custodial detention. Defendant also contends that the trial court committed reversible error in denying his request to charge the lesser included offense of manslaughter in the second degree. We disagree with defendant's argument that the statements should have been suppressed. *Dunaway* is clearly distinguishable from the case at bar. *Dunaway* concentrated on the violation of the constitutional rights of a suspect who has been seized by law enforcement officers upon less than probable cause, detained and interrogated. In the case at bar, defendant was subjected to no such abrupt seizure, removal, and detention. Rather, defendant voluntarily turned himself in to the police two weeks after the fatal stabbing. During that two-week period, defendant successfully avoided his capture and ostensibly mulled over his situation. The circumstances which required suppression in *Dunaway* are noticeably absent from the instant case. Therefore, we hold that the defendant's suppression motion was properly denied (see *People v Morales,* 42 NY2d 129). However, we reverse in view of the trial court's refusal to grant defendant's request to instruct the jury on the lesser included offense of manslaughter in the second degree. Although defendant had been indicted for one count of murder in the second degree, the court also instructed the jury on the lesser included offense of manslaughter in the first degree. The court improperly denied defendant's request to charge manslaughter in the second

degree. Defendant excepted from the court's denial, which had been founded on the belief that manslaughter in the second degree "is not a derivative of murder in the second degree by means of intent". The Court of Appeals has repeatedly noted, however, that reckless manslaughter is a lesser included offense of intentional murder (*People v Green,* 56 NY2d 427; *People v Murray,* 40 NY2d 327; *People v Tai,* 39 NY2d 894). In addition, the jury could have viewed the evidence in such a manner as to find that defendant committed manslaughter in the second degree (reckless manslaughter) but not murder in the second degree, or manslaughter in the first degree (see CPL 300.50, subds 1, 2). Defendant testified that as Pearson swung a board at him for the second time, he took a knife from his pocket. After the board hit defendant's elbow, he put his head down, closed his eyes, and "jigged" at Pearson twice with the knife. Pearson died as a result of a single stab wound. By lowering his head, closing his eyes, and·"jigg[ing]" the knife at the deceased, defendant arguably acted with awareness, but in conscious disregard, of a "substantial and unjustifiable risk" that his act might cause the death of Pearson (Penal Law, § 15.05, subd 3; § 125.15, subd 1). Thus, not instructing the jury with regard to manslaughter in the second degree was error (CPL 300.50, subd 2). Because the jury found defendant guilty of manslaughter in the first degree and acquitted him of the indicted charge of murder. in the second degree, the indictment must be dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (see *People v Beslanovics,* 57 NY2d 726, *supra*). We further note, and agree with defendant's contention, that the trial court erred in refusing to charge that the People have the burden of disproving the defense of justification. Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.