■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rigler, J.), rendered March 12, 1982, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury *(People v Beslanovics,* 57 NY2d 726). Upon service upon him of a copy of the order to be made hereon, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the Sheriff pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of a resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of the order of this court to be made hereon, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date, if such be necessary to accord the People reasonable opportunity to resubmit the case to a Grand Jury.

The trial court erred in denying the defendant's request to charge manslaughter in the second degree, a lesser included offense of murder in the second degree for which the defendant was indicted *(see, People v Green,* 56 NY2d 427). The testimony of this defendant was such that the jury could have concluded that he acted recklessly in stabbing the decedent, Neville John. The failure to give the jury this additional lesser included offense as an alternative to manslaughter in

the first degree was error (CPL 300.50 [2]). Because the jury found the defendant guilty of manslaughter in the first degree and acquitted him of the indicted charge of murder in the second degree, the indictment must be dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, supra; People v Mayo, 48 NY2d 245, 253; People v Cook, 96 AD2d 1059). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.