■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE URENA, Appellant.—Judgment, Supreme Court, New York County (Harold J. Rothwax, J.), rendered February 28, 1990, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of imprisonment of 25 years to life, unanimously affirmed.

Overwhelming evidence at trial was that defendant and codefendant Javier Garcia forced their way into an apartment with the intention of committing a burglary, and in the course thereof defendant shot and killed an occupant of the apartment. Thus, the jury's determination of defendant's guilt beyond a reasonable doubt of murder in the second degree is amply supported *(People v Bleakley,* 69 NY2d 490). In light of the strong eyewitness identification testimony of the victim's wife, and the corroborating testimony of the victim's sister-in-law, the jury reasonably discredited the testimony of defendant's wife that, although she could not recall the events of the day on which defendant was arrested, she recalled clearly that defendant was at home sleeping at the time of the murder *(see, People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

The trial court properly exercised its discretion in ruling that, should defendant testify, the prosecutor would be permitted cross-examination regarding inculpatory statements made to an identified informant who related those statements to the police and then refused to testify, based upon a good faith showing of factual basis *(see, People v Alamo,* 23 NY2d 630, 633, *cert denied* 396 US 879). Additionally, it is noted that defendant, who requested at the beginning of trial a no adverse inference charge regarding his failure to testify, has failed to show any possibility of undue prejudice created by the trial court's ruling.

This court has previously considered and rejected defendant's claim of improper jury instruction as to the death penalty not being involved in deciding the appeal of codefendant Javier Garcia *(People v Garcia,* 183 AD2d 518).

We have considered defendant's additional claims and find them to be both unpreserved and meritless. Concur—Rosenberger, J. P., Wallach, Kassal and Rubin, JJ.