OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted of manslaughter in the second degree (Penal Law § 125.15) and two weapons charges after he shot and killed a bystander near a fight at a block party. At the conclusion of his trial, the court refused defendant’s request that the jury be instructed on criminally negligent homicide (Penal Law § 125.10) as a lesser included offense. We conclude the ruling was correct.
A person who acts with the recklessness necessary for a conviction on manslaughter in the second degree also acts with criminal negligence (People v Green, 56 NY2d 427, 430; People v Stanfield, 36 NY2d 467, 471). However, the lesser included offense must be charged only if, under any reasonable view of the evidence as seen in the light most favorable to defendant, the jury could find that defendant committed the lesser offense but not the greater (CPL 300.50; People v Green, supra, at 430; People v Glover, 57 NY2d 61, 63; People v Martin, 59 NY2d 704, 705).
The evidence here showed that defendant pulled out a loaded weapon in his possession, aimed it into a crowded area at a fleeing man with whom he had been fighting, and was warned by a companion not to shoot because of the crowd. The gun apparently discharged when defendant’s arm was bumped. Nothing in the evidence presented could reasonably suggest that defendant failed to perceive the substantial and unjustifiable risk.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed in a memorandum.