■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO MOREL, Appellant. [624 NYS2d 40] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered November 13, 1992, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

On the night of July 19, 1991, the victim was socializing with his friends in a park in Queens. The defendant was spinning the wheels of his car, generating a dense smoke, disturbing the victim and his friends. The victim confronted the defendant, and they argued. A scuffle ensued, and the victim punched the defendant in the face, knocking off his glasses. Then the defendant lunged at the victim with a knife with a blade of three to five inches, stabbing him once in the stomach. The defendant fled the scene of the crime. The victim died from his injuries approximately three weeks later.

At the trial, the defendant testified that the victim had threatened him verbally and with a beer bottle. The defendant claimed that he had "never meant to hurt" the victim but that he had used the knife in self-defense. He claimed that the knife that he had used was a pocketknife with a blade about three inches long.

Based on this evidence, we find that the trial court erred by failing to submit the lesser included offense of manslaughter in the second degree to the jury (see, People v Murray, 40

NY2d 327, 335, *cert denied* 430 US 948; *People v Tai,* 39 NY2d 894; *People v Stallings,* 128 AD2d 908; *People v Cook,* 96 AD2d 1059). Viewing the evidence in the light most favorable to the defendant, there is a reasonable view of the evidence to support the position that the defendant acted recklessly, without the intent to inflict serious physical injury *(see, People v Randolph,* 81 NY2d 868; *People v Martin,* 59 NY2d 704, 706).

We reject the defendant's contention that the integrity of the proceedings before the Grand Jury was impaired *(see, People v Darby,* 75 NY2d 449, 454-455; *cf., People v Pelchat,* 62 NY2d 97).

The defendant's remaining contentions are without merit. Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.