THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY DIXON, Appellant. [645 NYS2d 1]

Neither the prosecutor's cross-examination of defendant nor the prosecutor's summation deprived defendant of a fair trial. Since the questioning of defendant concerning his purported statements to a fellow inmate did not concern any prior uncharged criminal, vicious or immoral conduct, but rather related to the crimes of which he was presently charged, the failure of the prosecutor to disclose the inmate's information to the defense did not violate CPL 240.43 or the court's *Sandoval* ruling. Moreover, the scope of cross-examination lies within the sound discretion of the Trial Judge (*People v Schwartzman*, 24 NY2d 241, 244, *cert denied* 396 US 846) and, where, as here, a proper foundation has been laid, and there exists a good faith basis for the prosecutor's cross-examination, defendant is properly impeached by a demonstration that, on other occasions, he made statements inconsistent with some material part of his trial testimony (*People v Wise*, 46 NY2d 321, 326-327), even though the person to whom he purportedly made the statements did not testify at trial (*see, People v Urena*, 183 AD2d 673, *lv denied* 81 NY2d 848). Such questioning did not make the prosecutor an unsworn witness (*see, People v Roman*, 217 AD2d 473, *affd* 88 NY2d 18). The summation constituted a proper response to the summation of defense counsel and a fair comment on the evidence (*see, People v Galloway*, 54 NY2d 396).

The court properly permitted the introduction of testimony concerning prior descriptions made by the complainant of his assailant; this identification testimony did not constitute improper bolstering nor inadmissible hearsay (*People v Huertas*, 75 NY2d 487). Defendant failed to preserve his contention that the court erred in failing to provide a limiting instruction and we decline to review it in the interest of justice. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.