■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VAZQUEZ, Appellant. [652 NYS2d 525] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered August, 31, 1993, convicting him of manslaughter in the first degree (two counts) and assault in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his statements were involuntary. It is undisputed that the defendant was advised of his *Miranda* rights and voluntarily waived them before he made statements to the police. It is also undisputed

that the defendant was not threatened, abused, or otherwise mistreated by the police (*see, People v Thomas*, 223 AD2d 612). Further, since the defendant was over 16 years old at the time of the questioning, the statutory parental notification requirements were not applicable (*see, People v Crosby*, 105 AD2d 844).

The issue of legal sufficiency has not been preserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The denial of youthful offender adjudication was not an improvident exercise of the sentencing court's discretion (*see, People v Ciminera*, 202 AD2d 684) and the sentence imposed was not excessive under the circumstances (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.