■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY CHOI, Also Known as CHAN CHOI, Also Known as CHANG CHOI, Appellant. [669 NYS2d 815] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered March 7, 1994, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a

weapon in the second degree, and sentencing him to concurrent terms of 8 to 24 years and 3 to 9 years, respectively, and judgment, same court and Justice, rendered June 22, 1994, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him to a term of $1^1/2$ to $4^1/2$ years, to run consecutively to the above sentences, unanimously affirmed.

Viewing the evidence in the light most favorable to defendant, there was no reasonable view of the evidence that would support a conviction of second-degree manslaughter but not first-degree manslaughter (see, People v Randolph, 81 NY2d 868). Thus, the court properly refused to submit second-degree manslaughter as a lesser included offense. The evidence established that, after engaging in a physical altercation, defendant pursued his unarmed, fleeing victim and, at close range, with the intent to cause him at least serious physical injury, twice shot at his victim, striking him once in the chest and mortally wounding him. Without resort to speculation, there was no basis upon which the jury could have made a finding of reckless rather than intentional conduct.

We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Saxe, JJ.