■ The People of the State of New York, Respondent, v Tyrone Matthews, Appellant. [673 NYS2d 280] —Judgment unanimously affirmed. Memorandum: At the time defendant entered his plea of guilty to criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), the People agreed to recommend that he be sentenced to shock probation. After reviewing the presentence report, however, the District Attorney declined to make such a recommendation. Defendant rejected County Court's offer to allow him to withdraw his plea and proceed on the original charge, even after being advised that the court was inclined to impose an indeterminate term of incarceration of 2⅓ to 7 years. Defendant did not request an adjournment to consider the court's offer and thus has failed to preserve for our review his present contention that the court erred in failing to adjourn the matter for that purpose (*see,* CPL 470.05 [2]). The court did not abuse its discretion in imposing the maximum possible sentence, which is not unduly harsh or severe. (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Sale Controlled Substance, 5th Degree.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Balio, JJ.

■ The People of the State of New York, Respondent, v Jose H. Delfaus, Appellant. (Appeal No. 1.) [671 NYS2d 368] —Judgment unanimously affirmed. Memorandum: County Court did not err in refusing defendant's request to instruct the jury on the lesser included offense of criminally negligent homicide. There is no reasonable view of the evidence that defendant committed the lesser offense of criminally negligent homicide but not the greater offense of manslaughter in the second degree (*see,* CPL 300.50 [1]; *People v Randolph,* 81 NY2d 868, 869).

Defendant contends that the imposition of consecutive sentences is unduly harsh and severe. We disagree. The crimes of which defendant was convicted all arose from separate incidents, and, in light of defendant's criminal history, we conclude that the sentences are not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Smith, J.—Manslaughter, 2nd Degree.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Balio, JJ.