■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHMELL DANIEL, Appellant. [830 NYS2d 319]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered March 7, 2005, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of manslaughter in the first degree and the sentence imposed thereon; as so modified, the judgment is affirmed, without prejudice to the People representing any appropriate charge to another grand jury (*see People v Beslanovics*, 57 NY2d 726, 727 [1982]).

The defendant's statements to law enforcement authorities subsequent to his arrest were voluntarily made after a valid waiver of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Williams*, 62 NY2d 285 [1984]; *People v Mc-*

*Iver,* 15 AD3d 677 [2005]; *People v Vazquez,* 234 AD2d 572 [1996]).

A lesser included offense of a crime charged in the indictment "must be charged . . . if, under any reasonable view of the evidence as seen in the light most favorable to the defendant, the jury could find that defendant committed the lesser offense but not the greater" (*People v Randolph,* 81 NY2d 868, 869 [1993]). The trial court properly charged the jury with respect to the offense of manslaughter in the first degree as a lesser included offense of intentional murder charged in the indictment since a reasonable view of the evidence as seen in the light most favorable to the defendant would support the conclusion that the defendant did not intend to kill the victim.

However, the trial court erred in refusing to charge manslaughter in the second degree as a lesser included offense of intentional murder (*see People v Green,* 56 NY2d 427, 433 [1982]; *cf. People v Gallagher,* 69 NY2d 525 [1987]). Under the circumstances of this case, a reasonable view of the evidence as seen in the light most favorable to the defendant would support the conclusion that the defendant acted recklessly rather than intentionally (*see People v Hartman,* 4 AD3d 22 [2004]; *People v Morel,* 213 AD2d 497 [1995]).

The court's comments to the jury during voir dire, although better left unsaid, did not, under the circumstances of this case, deprive the defendant of a fair trial (*see People v Williamson,* 267 AD2d 487, 489 [1999]; *People v Stallings,* 186 AD2d 445 [1992]; *People v Urena,* 183 AD2d 673 [1992]).

In view of the foregoing, the defendant's conviction of manslaughter in the first degree must be vacated, without prejudice to the People re-presenting any appropriate charge to another grand jury (*see People v Beslanovics, supra*). The defendant's convictions of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and the sentences imposed thereon were proper.

The defendant's remaining contention need not be addressed in light of our determination. Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.