Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered July 27, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [7]), defendant contends that County Court erred in denying his request for a missing witness charge with respect to two individuals who were in the room where the assault took place. We reject that contention. Defendant failed to meet his burden of establishing that the individuals were knowledgeable about the assault by defendant (see People v Mobley, 49 AD3d 1343, 1344 [2008]; see generally People v Gonzalez, 68 NY2d 424, 427 [1986]), inasmuch as the record establishes that they were simultaneously involved in other altercations occurring in the room.
We agree with defendant, however, that the court erred in denying his request to charge assault in the third degree (Penal Law § 120.00 [2]) as a lesser included offense. As the People correctly concede, that crime is a lesser included offense of the crime of which defendant was convicted (see generally People v Green, 56 NY2d 427, 432 [1982], rearg denied 57 NY2d 775 [1982]). Viewing the evidence in the light most favorable to defendant, as we must (see People v Randolph, 81 NY2d 868, 869 [1993]), we conclude based on the testimony of defendant that there is a reasonable view of the evidence that he did not intend to cause the victim physical injury but, rather, that he acted recklessly and thus created “a substantial and unjustifiable *1242 risk” that the victim would sustain a physical injury (Penal Law § 15.05 [3]; see generally People v Daniel, 37 AD3d 731, 732 [2007], lv denied 9 NY3d 864 [2007]). We therefore reverse the judgment and grant a new trial. Present — Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.