■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ARTIS, Appellant. [881 NYS2d 317]—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered August 16, 2006, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt (*see* Penal Law § 120.05 [7]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The court did not err in denying the defendant's request to charge assault in the third degree (Penal Law § 120.00 [2]) as a lesser-included offense. Although that crime is a lesser-included offense of the crime of which the defendant was convicted, assault in the second degree (*see People v Thomas,* 56 AD3d 1241 [2008]; *see generally People v Green,* 56 NY2d 427 [1982]), viewing the evidence in the light most favorable to him (*see People v Randolph,* 81 NY2d 868, 869 [1993]), there was no reasonable view of the evidence here to support a finding that the defendant did not intend to cause the victim physical injury but, rather, acted recklessly and thereby created "a substantial and unjustifiable risk" that the victim would sustain a physical injury (Penal Law § 15.05 [3]; *People v Joseph,* 271 AD2d 698, 699 [2000]; *cf. People v Thomas,* 56 AD3d at 1241-1242).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982])..

The defendant's remaining contentions, raised in points three and four of his brief, are without merit. Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.