People v Williams (2022 NY Slip Op 03257)

People v Williams

2022 NY Slip Op 03257

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
LINDA CHRISTOPHER, JJ.

2017-11882 ON MOTION
 (Ind. No. 1451/16)

[*1]The People of the State of New York, respondent,
v
Brian Williams, appellant. DECISION & ORDER Motion by the respondent, in effect, for leave to reargue an appeal from a judgment of the Supreme Court, Kings County, rendered October 3, 2017, which was determined by decision and order of this Court dated July 28, 2021. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the motion is granted, and, upon reargument, the decision and order of this Court dated July 28, 2021 (People v Williams, 196 AD3d 706), is recalled and vacated, and the following decision and order is substituted therefor:

Patricia Pazner, New York, NY (De Nice Powell of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Denise Pavlides of counsel), for respondent.
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered October 3, 2017, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of manslaughter in the first degree and the sentence imposed thereon, without prejudice to the People to re-present any appropriate charges to another grand jury (see People v Gonzalez, 61 NY2d 633, 635; People v Beslanovics, 57 NY2d 726, 727); as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The defendant correctly contends that the Supreme Court erred in refusing to charge manslaughter in the second degree as a lesser included offense of murder in the second degree. Contrary to the People's contention, this argument is preserved for appellate review (see CPL 470.05[2]; People v Smith, 22 NY3d 462, 465). "A lesser included offense of a crime charged in the indictment 'must be charged . . . if, under any reasonable view of the evidence as seen in the light most favorable to the defendant, the jury could find that defendant committed the lesser offense but not the greater'" (People v Daniel, 37 AD3d 731, 732, quoting People v Randolph, 81 NY2d 868, 869). Here, the court erred in declining to charge manslaughter in the second degree as a lesser included offense of intentional murder (see People v Daniel, 37 AD3d at 732; People v Morel, 213 [*2]AD2d 497, 498). Under the circumstances of this case, a reasonable view of the evidence as seen in the light most favorable to the defendant would support the conclusion that the defendant acted recklessly rather than intentionally (see People v Daniel, 37 AD3d at 732; People v Alvarez, 201 AD2d 487, 488; see also People v McMillon, 31 AD3d 136, 142; cf. People v Wright, 54 AD3d 695, 696-697). "In view of the foregoing, the defendant's conviction of manslaughter in the first degree must be vacated, without prejudice to the People re-presenting any appropriate charge to another grand jury" (People v Daniel, 37 AD3d at 732; see People v Gonzalez, 61 NY2d at 635; People v Beslanovics, 57 NY2d at 727).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel, is without merit. The defendant was not deprived of the effective assistance of counsel under the New York Constitution, as, viewed in totality, the record reflects that defense counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, RIVERA and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court